to consider specifically. In my opinion the plaintiff produced evidence which entitled her to the verdict which was awarded by the jury, and the judgment should be affirmed. Spring, J., concurred.

The H. Remington & Son Pulp & Paper Company, Respondent, v. The Water Commissioners of the City of Watertown, Appellants.

*Watercourse — erroneous finding as to height of crest of dam — height of dam to be taken from level of average flow of stream, not from the minimum level.*

This is an appeal from an interlocutory judgment of the Supreme Court, entered in Jefferson county clerk's office April 14, 1903, in favor of the plaintiff.

NASH, J. It seems to be conceded that the crest of the defendant's dam is two and seventy-seven one-hundreths feet above the level of the average flow of the water at the property line of the plaintiff, instead of that height above the level of the water at the point where the plaintiff proposes to erect its dam, as erroneously found in the eleventh finding of fact. The finding is based upon the levelings taken of the average minimum flow of water, whereas, the rights of the parties are to be governed by the ordinary stage of the water. The finding that "such backing of the water greatly reduced the plaintiff's head at said site, so that in low and medium water the power will be seriously diminished," erroneously implies that the rights of the parties may be based upon "low and medium water," instead of the ordinary flow. The seventh finding of fact, determining the head or height of the fall of water which could be produced at the proposed site for a dam, is also based upon the erroneous figures found in said eleventh finding, as is also the rest of this finding. The facts found in said seventh finding of fact, and in the 8th, and the 2d, 3d,-4th and 5th paragraphs of the eleventh finding of fact, are matters which should be passed upon and determined upon a reference or by a commission in assessing the damages which the plaintiff has and will sustain, if any, by reason of the construction and maintenance of the defendant's said dams at their present height, and the same should, therefore, have been omitted from the findings as a basis of an interlocutory judgment. While it is unfortunate that a new trial of this case should be had, still we see no other way to dispose of it, unless the parties stipulate to correct the errors referred to. All concurred. Interlocutory judgment reversed and new trial ordered, with costs to the appellant to abide the event.

Frank A. Weddigan and John Meyer, Respondents, v. William F. Whiting, Appellant.— Judgment affirmed, with costs. All concurred, except Nash, J., not voting.

Frank A. Weddigan and John Meyer, Respondents, v. William F. Whiting, Appellant.— Order affirmed, with costs. All concurred, except Nash, J., not voting.

Charles Fay, by Margaret Fay, His Guardian ad Litem, Respondent, v. Moose River Lumber Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event upon the law and facts, unless the plaintiff stipulates to reduce the verdict to the sum of $1,500, as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as thus modified the judgment and the order denying motion for a new trial are affirmed, without costs of this appeal to either party. All concurred.

Marcella Brown, Appellant, v. Adam Brown, Respondent.— Judgment modified by striking out the allowance of costs, and as thus modified said judgment and the order are affirmed, without costs of this appeal to either party. All concurred.

Marcella M. Keefe, Respondent, v. The Liverpool and London and Globe Insurance Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Joseph G. Wilbert, Respondent, v. Jacob Isnecker, Appellant.— Judgment and order affirmed, with costs. All concurred.

Wright A. Yetter, Respondent, v. Lake Erie Wine Cellars, Appellant.— Judgment and order affirmed, with costs. All concurred; Nash, J., not sitting.

Syracuse Trust Company, Respondent, v. Syracuse Construction Company, Defendant, Impleaded with Margaret E. Kaufmann and Franklin J. Kaufmann, as Executors, etc., of John S. Kaufmann, Deceased, Appellants.— Judgment and order affirmed, with costs. All concurred.